New Civil Case

FILED - GR
April 28, 2023 2:31 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: JW / 4-28

Dear Esteemed Justices,

I hereby appeal the decision made by the 63rd District Court of Grand Rapids, MI, which I contend infringes upon my constitutional right to due process of law. This decision further entails a federal question under the U.S. Constitution.

The case in question pertains to a disagreement between myself and ROSE LAKE LLC over the possession of a rental unit. The 63rd District Court ultimately ruled in favor of my eviction, along with that of my family.

Nonetheless, I maintain that the 63rd District Court's decision breached my constitutional right to due process of law, particularly in its refusal to allow me to contest jurisdiction during any stage of the proceedings. Despite raising concerns about subject matter jurisdiction and the presence of a federal question in my initial response, my requests were consistently disregarded, and I was denied a fair hearing. The court's failure to permit me to present evidence via the clerk's office or to inform me of my rights precluded me from receiving a just and equitable trial.

Moreover, the 63rd District Court's decision encompasses a federal question, as the core dispute between the property owner and myself revolves around issues of discrimination and retaliation. The court's decision infringes upon both the Due Process and Equal Protection Clauses of the U.S. Constitution.

I humbly request that this esteemed court overturn the 63rd District Court's decision and award me a new trial, complete with due process of law. I assert that my arguments are supported by legal authority, including but not limited to the following: 15 U.S.C. §§ 1692j (furnishing deceptive forms), 1692e (false and misleading information), and 1692f (unfair practices).

Jurisprudence dictates that when jurisdiction is challenged, a court lacking jurisdiction must dismiss the action instead of reaching its merits (Melo v. US, 505 F.2d 1026). Furthermore, once jurisdiction has been contested, the burden of proof falls upon the court (Rosemond v. Lambert, 469 F.2d 416). Courts are generally precluded from ruling on the merits of a case without first establishing subject-matter jurisdiction (Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430–31 (2007)). Additionally, sanctions cannot be imposed in the absence of jurisdictional proof (Stanard v. Olesen, 74 S.Ct. 768).

I express my gratitude for your consideration of my appeal.

**1:23-cv-437**
**Paul L. Maloney**
**United States District Judge**

Sincerely,

Andre and Domonique Obaseki
305.975.8257
wespeaklife7@gmail.com

786 First St N.W
Grand Rapids, MI 49504

By: Andre : Obaseki

By: domonique : Obaseki