UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE OBASEKI and
DOMONIQUE OBASEKI,

        Plaintiffs,

v.

63RD DISTRICT COURT,

        Defendant.
_____/

Case No. 1:23-cv-437

Hon. Paul L. Maloney

## REPORT AND RECOMMENDATION

This is a civil action brought by *pro se* plaintiffs Andre Obaseki and Domonique Obaseki against Michigan's 63rd District Court. *See* Compl. (ECF No. 1). For the reasons set forth below, this complaint should be dismissed for lack of federal subject matter jurisdiction.

Plaintiffs' one-page complaint involves a dispute regarding their possession of a rental unit, their landlord, non-party Rose Lake, LLC, and Michigan's 63rd District Court. The state court terminated plaintiffs' tenancy. In plaintiffs' words, "The 63rd District Court ultimately ruled in favor of my eviction, along with that of my family." Compl. at PageID.1. Plaintiffs attached a copy of the state court's register of actions, which reflects a bench trial held on March 28, 2023, the Obasekis' oral motion to change venue denied, and a judgment by default entered. *See* Register (ECF No. 1-1, PageID.5). Plaintiffs also attached the state court's "Order regarding motion to set aside default" and "Order to stay eviction and motion for a new trial". State Court Order (April 18, 2023) (ECF No. 1-1, PageID.3). That order denied both of the Obesakis' motions. *Id*.

In the present federal lawsuit, plaintiffs allege that the 63rd District Court's Order(s) "infringes upon both the Due Process and Equal Protection Clauses of the U.S. Constitution." PageID.1. For their relief, plaintiffs state:

> I [sic] humbly request that this esteemed court overturn the 63rd District Court's decision and award me a new trial, complete with due process of law. I assert that my arguments are supported by legal authority, including but not limited to the following: 15 U.S.C. §§ 1692j (furnishing deceptive forms), 1692e (false and misleading information), and 1692f (unfair practices).

*Id*.

"Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Federal subject-matter jurisdiction "can never be waived or forfeited," *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012), and "courts are obligated to consider *sua sponte* whether they have such jurisdiction," *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014). In this regard, Fed. R. Civ. P. 12(h)(3) provides that "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."); *Rauch v. Day & Night Manufacturing Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) ("Rule 12(h)(3) preserves and recognizes the court's time-honored obligation, even sua sponte, to dismiss any action over which it has no subject-matter jurisdiction").

Plaintiffs' lawsuit lies outside of this Court's subject matter jurisdiction because it asks this Court to review and "overturn" a state court order. "The *Rooker-Feldman* doctrine

provides that lower federal courts do not have subject matter jurisdiction to review final judgments from state court." *Kewadin Casinos Gaming Authority v. Draganchuk*, 584 F. Supp. 3d 468, 474 (W.D. Mich. 2022) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine also prohibits this Court from reviewing orders from lower state courts such as defendant 63rd District Court. *See Pieper v. American Arbitration Association, Inc.*, 336 F.3d 458, 462 (6th Cir. 2003) (joining "the majority of circuits that have concluded that the *Rooker-Feldman* doctrine *does* apply to interlocutory orders and to orders of lower state courts") (emphasis added). This Court lacks jurisdiction to address plaintiff's complaint which seeks to review and overturn a state court order terminating a tenancy. In short, plaintiff's lawsuit is an appeal of a state-court order which is prohibited by the *Rooker-Feldman* doctrine. *See RLR Investments, LLC v. City of Pigeon Forge, Tennessee*, 4 F.4th 380, 388 (6th Cir. 2021) ("By asking a federal court to declare a state-court order unconstitutional and prevent its enforcement, [the plaintiff] impermissibly appealed the state court's order to the federal district court"). Accordingly, I respectfully recommend that plaintiffs' complaint be **DISMISSED**.

Dated:  June 8, 2023                             /s/ Ray Kent
                                                 RAY KENT
                                                 United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).